UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA JOHNSON<br>516 Shepherd Street NW<br>Washington, DC 20011<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br><br>    Defendant.<br><br>Serve: Mayor Vincent Gray<br>       1350 Pennsylvania Ave., N.W.<br>       Suite 316<br>       Washington, D.C. 20004<br><br>       Office of the Attorney General<br>       441 4th Street, N.W.<br>       Suite 600 S<br>       Washington, D.C. 20001 | Civ. Action No.:<br><br><br><br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Debra Johnson ("Ms. Johnson"), by and through counsel, complains of Defendant as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12112 et seq. ("ADA"). This Court has federal question jurisdiction and venue is proper because Ms. Johnson was formerly employed in Washington, D.C.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Ms. Johnson has exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and she received her notice of right to sue on or about January 27, 2014. This Complaint has been timely filed within the 90-day timeframe.

3. Ms. Johnson provided her Notice of Claim letter to the D.C. Office of Risk Management pursuant to D.C. Code § 12-309 on December 13, 2012.

## THE PARTIES

4. Plaintiff Debra Johnson resides at 516 Shepherd Street, NW, Washington, DC 20011.

5. On information and belief, Defendant is a municipality organized under the laws of the United States and has its offices at 441 4th Street, N.W., Washington, D.C. 20001.

## FACTS

6. On or about November 28, 2005, District of Columbia Public Schools ("DCPS") hired Ms. Johnson as a Teacher and she was placed at Randle Highlands Elementary School in or around 2008/2009.

7. During the relevant time period, Ms. Johnson's supervisor was Tracy Foster, Principal.

8. Ms. Johnson's primary job duties as a Teacher consisted of supervising approximately 12-15 children from three to four years of age in various activities such as daily lessons, recess, lunch preparation, clothing changes, cleaning tables, lifting activity mats, cleaning activity mats, putting chairs away, and preparing and updating bulletin board displays.

9. Ms. Johnson suffers from degenerative lumbar disc disease, arthritis, bulging disc in lower back, and spinal stenosis. These disabilities substantially limit her major life activities of lifting, standing, and bending.

10. Ms. Johnson also suffers from chronic depression. Chronic depression is a disability that substantially limits her major life activities of sleep and concentration.

11. Ms. Johnson takes medications to treat her disabilities that cause nausea, drowsiness, dizziness, frequent urination, minor incontinence, constipation, and headaches.

12. Ms. Johnson was able to perform all essential functions of her job with reasonable accommodations.

13. In or around August 2011, Ms. Johnson advised Ms. Foster of her need to receive medical treatment for her degenerative lumbar disc disease and undergo an MRI.

14. Ms. Foster responded with discriminatory remarks referring to Ms. Johnson as "ill" and stating that Ms. Foster did not want any "sick" teachers at the school.

15. On September 29, 2011, Ms. Johnson received medical treatment from her physician, Rumana Shameem, M.D., for chronic lower back pain. Dr. Shameem requested reasonable accommodations restricting Ms. Johnson from prolonged standing and frequent bending.

16. On October 3, 2011, Ms. Johnson received medical treatment from her physician, William Burner, M.D., for chronic back pain. Dr. Burner requested reasonable accommodations restricting Ms. Johnson from heavy lifting, prolonged standing and frequent bending or other activities that would put a strain on her back.

17. On or about December 16, 2011, Ms. Johnson met with Ms. Foster and verbally requested reasonable accommodations (paraprofessional aide to assist in physical duties, job location on ground floor).

18. Ms. Foster did not provide Ms. Johnson with reasonable accommodations even though it would not have caused an undue burden.

19. On or about August 20, 2012, Ms. Johnson requested reasonable accommodations (assistance with moving classroom furniture) but her requests were denied resulting in aggravation of her degenerative lumbar disc disease.

20. On October 15-16, 2012, Ms. Johnson received medical treatment from her psychiatrist, Shanda Smith, M.D. for her chronic depression.

21. On November 15, 2012, Ms. Johnson received additional medical treatment from her psychiatrist for her chronic depression and Dr. Smith requested reasonable accommodations (medical leave) identifying that Ms. Johnson had been unable to work from October 15, 2012 to present and that Ms. Johnson would be re-assessed regarding her ability to return to work on December 7, 2012.

22. On Friday, November 16, 2012, DCPS provided Ms. Johnson with an ADA Request Packet in response to her requests for reasonable accommodations stating that she must return the completed packet no later than close of business on Friday, November 23, 2012 or DCPS would consider Ms. Johnson having tendered her "resignation."

23. DCPS's one-week deadline for Ms. Johnson to return of all medical documentation was unreasonable considering that Ms. Johnson's psychiatrist had already advised DCPS that Ms. Johnson was unable to work from October 15, 2012 to present and the week of November 19 – 23, 2012 was during the Thanksgiving holiday (November 22, 2012) making it impossible for her to reach her physicians and obtain the necessary documents.

24. On or about November 19, 2012, Ms. Johnson called Erica Smith, DCPS EEO Manager, Labor Management and Employee Relations, and advised her that she had signed the medical authorization but needed an extension of time to obtain the medical

documentation because Dr. Smith had advised Ms. Johnson that it takes Kaiser at least ten (10) business days to process those requests.

25. On November 19, 2012, Ms. Johnson submitted another request for reasonable accommodations (reassignment to stress free environment) due to chronic depression.

26. On November 23, 2012, DCPS sent Ms. Johnson a letter stating that she had resigned effective November 23, 2012 because she did not return the ADA Request Packet information by November 23, 2012.

27. On November 30, 2012, Ms. Johnson submitted a reasonable accommodations request to Danielle Reich and Crystal Jefferson with DCPS Labor Management and Employee Relations requesting that DCPS reconsider its termination of her employment.

28. Included in this packet was a letter from Dr. Smith stating that Ms. Johnson suffers from severe depression and it identified one of Ms. Johnson's symptoms as "…difficulty organizing and following through on tasks such as retrieving required documentation for medical leave and distributing these forms as appropriate in a timely fashion." Dr. Smith's letter requested reasonable accommodations (medical leave) so Ms. Johnson could attend all medical appointments for her outpatient treatment and again identified that Ms. Johnson had been unable to work from October 15, 2012 to present, and Dr. Smith advised DCPS that Ms. Johnson would be re-assessed regarding her ability to return to work on December 7, 2012.

29. On December 7, 2012, Ms. Johnson submitted a reasonable accommodation request to Danielle Reich, Health Information Management Services. The accommodations requested were to work on ground floor, paraprofessional to assist with physical activities, breaks to rest or a reduced work schedule.

30. DCPS failed to reconsider Ms. Johnson's requests for reasonable accommodations even though it would not have caused an undue burden.

31. DCPS failed to engage in an interactive dialogue with Ms. Johnson regarding her requests for accommodations.

32. DCPS's stated reason for terminating Ms. Johnson's employment was based on her disability, its perception of Ms. Johnson as disabled, and its record of Ms. Johnson's disability in violation of the ADA.

33. DCPS's unlawful conduct was willful, malicious, wanton, and reckless.

34. Ms. Johnson has sustained damages as a result of DCPS's unlawful conduct consisting of lost wages, lost benefits, front pay, front benefits, emotional distress, pain and suffering, and mental anguish.

## COUNT 1

35. Ms. Johnson repeats and realleges paragraphs 1-34 as if fully set forth herein.

36. By and through its conduct, DCPS violated the ADA by discriminating against Ms. Johnson and discharging her from her employment because of her disability, its perception of her as if she were disabled, and its record of her disability.

## COUNT 2

37. Ms. Johnson repeats and realleges paragraphs 1-36 as if fully set forth herein.

38. By and through its conduct, DCPS violated the ADA by failing to engage in the interactive process and denying Ms. Johnson reasonable accommodations for her disabilities.

## COUNT 3

39. Ms. Johnson repeats and realleges paragraphs 1-38 as if fully set forth herein.

40. By and through its conduct, Defendant violated the ADA by terminating Ms. Johnson in retaliation for requesting reasonable accommodations.

## JURY DEMAND

Ms. Johnson demands a trial by jury on all claims.

WHEREFORE, Ms. Johnson demands judgment against Defendant on Counts 1, 2, and 3 and seeks lost wages, front pay and benefits, $300,000 in compensatory damages for pain and suffering, mental anguish, and emotional distress on each count, interest, costs, the amount of tax on any award, and reasonable attorney's fees.

Dated: April 22, 2014

Respectfully submitted,

_/s/_

Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Rani Rolston, DC Bar # 974052
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 400
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff