UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBRA JOHNSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 14-677 (JDB)

MEMORANDUM OPINON

    Plaintiff Debra Johnson, a former employee of the District of Columbia Public Schools at Randle Highlands Elementary ("Randle"), brought an action against her former employer under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12113 et seq. Johnson alleges that defendant District of Columbia discriminated against her because of her disability, failed to comply with several of her requests for reasonable accommodations, and terminated her employment in retaliation for protected activity. The District moved for summary judgment on all counts.

    In a September 14, 2016 Memorandum Opinion, this Court granted in part and denied in part the District's motion for summary judgment. The Court granted summary judgment as to Johnson's discrimination and retaliation claims and denied summary judgment as to her reasonable accommodations claims. Unhappy with this result, Johnson filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). For the reasons explained below, the Court will deny Johnson's motion.

**BACKGROUND**

The facts are explained more fully in the Court's September 14 Memorandum Opinion, so a brief summary here will suffice. See Johnson v. District of Columbia, 207 F. Supp. 3d 3, 7–10 (D.D.C. 2016). Johnson began teaching at Randle in 2008. In the fall of 2011, Johnson sought medical treatment for back pain and obtained two doctors' treatment notes which stated that she should be restricted from "frequent bending, prolonged standing, heavy lifting, and anything else that would put a strain on her back." Id. at 7 (internal quotation marks omitted); see also Sept. 29, 2011 Treatment Note [ECF No. 20-10]; Oct. 3, 2011 Treatment Note [ECF No. 30-11]. At her request, Johnson received two aides to assist her in the classroom during the 2011–2012 school year. See Johnson, 207 F. Supp. 3d at 8; see also Johnson Dep. [ECF No. 25-3] at 46:12–48:13; see generally Dec. 2011 Schedule [ECF No. 30-12].

Johnson then went on medical leave in mid-February 2012, and a month later she met with a District official and "raised complaints regarding the District's alleged discrimination and failure to accommodate her disability." Johnson, 207 F. Supp. 3d at 8; see also May 25, 2012 Emails [ECF No. 30-14] at 2 (describing the March 16, 2012 meeting). In May, the District approved Johnson's request to treat her continuous absence from February 21 to May 18 as medical leave under the Family and Medical Leave Act ("FMLA") and instructed her via letter that she should return to work on May 21, 2012. See Johnson, 207 F. Supp. 3d at 8; see also May 9, 2012 Letter [ECF No. 25-5] at 1–2. Upon Johnson's request for additional leave, the District informed her that she had exhausted her leave under the FMLA and D.C. Family & Medical Leave Act ("DCFMLA"), but that it would consider her request under the ADA if it received the necessary paperwork from Johnson's doctor. See Johnson, 207 F. Supp. 3d at 8; see also May 23, 2012 Letter [ECF No. 25-6].

Despite not returning to work for the remainder of the 2011–2012 school year, Johnson did return on August 20, 2012 for the first day of the 2012–2013 school year. At that time she found that her classroom had been moved from the first to the second floor of the building. According to Johnson, upon her return she requested an aide to assist her in setting up the classroom but that request was denied, and ultimately she convinced two custodians to assist her; according to the District, the two custodians who ultimately helped her were instructed to do so by the assistant principal. See Johnson, 207 F. Supp. 3d at 8; see also Johnson Dep. at 57:13–58:01; 59:05–06; Decl. of Erik Griffin [ECF No. 27-1]; Decl. of Lionel Jenkins [ECF No. 27–2]. The following day, Johnson did not return to work but she did submit a claim for workers' compensation, which the District denied and informed her that she was expected to return to work on October 5, 2012. See Johnson, 207 F. Supp. 3d at 9; see also Oct. 2, 2012 Letter [ECF No. 25-7]. Johnson then requested additional time for leave because of her back pain, to which the District responded they would consider her request as a request for a reasonable accommodation under the ADA because she had exhausted all of her FMLA and DCFMLA leave. See Johnson, 207 F. Supp. 3d at 9.

Over the course of a month, the District evaluated Johnson's new ADA request before notifying Johnson on November 14 that her request had been denied and that she was due to return to work by November 16, otherwise she "may be separated from employment." See Johnson, 207 F. Supp. 3d at 9 (quoting Nov. 14, 2012 Letter [ECF No. 25-11]). Johnson responded to the District's letter by putting forth a new basis for extended leave: that she was being treated for "severe depression." See Johnson, 207 F. Supp. 3d at 10 (quoting Nov. 15, 2012 Email [ECF No. 25-12]). The District promptly responded and, on November 16, informed her that it would evaluate her request upon submission of her ADA Request Form, Medical Release Form, and a questionnaire completed by her doctor by November 23, 2012. See Johnson, 207 F. Supp. 3d at

3

10; see also Nov. 16, 2012 Letter [ECF No. 25-13]. The District informed Johnson that failure to return all necessary paperwork by November 23 could be treated as a "voluntary resignation." Johnson, 207 F. Supp. 3d at 10. Johnson submitted some of the paperwork by the deadline, but the District did not receive the questionnaire from her doctor until November 30, 2012. See id.; Pl.'s Statement of Facts in Material Dispute [ECF No. 30-1] ¶ 24. After Johnson failed to meet the November 23 deadline, the District notified Johnson that it considered her to have voluntarily resigned her position, pursuant to D.C. municipal regulation. See Johnson, 207 F. Supp. 3d at 10; Nov. 23, 2012 Letter [ECF No. 25-16]. Ultimately, the District reviewed the information that was submitted late by Johnson's doctor and still concluded that Johnson's voluntary resignation remained effective. Johnson, 207 F. Supp. 3d at 10.

In April 2014, Johnson brought an action under the ADA against the District of Columbia. Specifically, Count I alleges discriminatory actions taken against Johnson because of her disability, Count II asserts that the District failed to engage in the interactive process required by the ADA and denied her reasonable accommodations, and Count III alleges that the District terminated her in retaliation for requesting reasonable accommodations. See Johnson, 207 F. Supp. 3d at 10; see also Compl. [ECF No. 1] ¶¶ 35–40.

On February 8, 2016, the District filed a motion for summary judgment on all counts. See Def.'s Mot. for Summ. J. [ECF No. 25]. Johnson opposed the motion, arguing that because there were genuine issues of material fact concerning her claims, summary judgment should be denied in its entirety. See Pl.'s Opp'n [ECF No. 29] at 34. The Court granted in part and denied in part the District's motion for summary judgment on September 14, 2016. See Sept. 14, 2016 Order [ECF No. 33]. Ultimately, Johnson's claim that she was denied reasonable accommodations on

the first day of the 2012 school year and during the fall of that same school year was the only claim to survive summary judgment. See Johnson, 207 F. Supp. 3d at 19.

Johnson then filed the motion at hand seeking to alter or amend the judgment on the basis of newly available evidence obtained at an administrative hearing. See Pl.'s Mot. to Alter J. [ECF No. 35-1] at 1. Johnson contends that new evidence establishes that the District discriminated against her prior to and after her termination, and proves that the District failed to engage in the interactive process in good faith.[1] See id. For the reasons explained below, Johnson's motion to alter the judgment will be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). "While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." Fresh Kist Produce, LLC v. Choi Corp., 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (citing Firestone, 76 F.3d at 1208); see also S.E.C. v. Bilzerian, 729 F. Supp. 2d 9, 17 (D.D.C. 2010) ("Rule 59(e) . . . [is] a rarely used and disfavored remedy."). "The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process . . . and the ability of the parties and others to rely on the finality of

---

[1] The new evidence offered by Johnson is testimony elicited at a D.C. Office of Employee Appeals hearing on June 15 and July 7, 2016. The Court will assume that the testimony was not transcribed and available to Johnson and her counsel until after this Court's September 14 Memorandum Opinion was issued.

5

judgments." U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

Here, Johnson does not rely on an intervening change in law or assert that the Court needs to "correct a clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208. Instead, she argues that there is new evidence that raises a material dispute of fact regarding her (a) discrimination and retaliation claims, (b) failure to accommodate claim, and (c) failure to engage in an interactive dialogue in good faith claim. Specifically, Johnson asserts that the District's proffered reason for Johnson's termination—her failure to meet the November 23, 2012 deadline—was pretextual.

Rule 59(e) motions on the basis of new evidence are restricted to evidence that is "newly discovered or previously unavailable despite the exercise of due diligence." Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (citing Alton & S. Ry. Co. v. Bhd. Of Maint. of Way Emps., 899 F. Supp. 646, 648 (D.D.C. 1995), aff'd 72 F.3d 919 (D.C. Cir.1995)). Courts routinely deny Rule 59(e) motions where all relevant facts were known or should have been known by the party prior to the entry of judgment because Rule 59(e) does not afford an opportunity to raise new arguments that could have been raised before the court entered its final judgment. See Bilzerian, 729 F. Supp. 2d at 15 (denying plaintiff's Rule 59(e) motion because the "new evidence" was merely newly received, rather than newly available); Niedermeier, 153 F. Supp. 2d at 30 (denying plaintiff's Rule 59(e) motion because plaintiff's "new evidence" was known to her prior to the court's entry of judgment); Indep. Petrol. Ass'n of Am. v. Babbitt, 178 F.R.D. 323, 327 (D.D.C. 1998) (stating that the denial of the Rule 59(e) motion was not an abuse of discretion when plaintiff's counsel knew all relevant facts prior to the entry of judgment but just failed to assert them).

In addition to the requirement that the "new evidence" be in fact <u>new</u>, a Court must also conclude that the new evidence creates a material dispute of fact in order to justify altering or amending a grant of summary judgment. See <u>Burlington Ins. Co. v. Okie Dokie, Inc.</u>, 439 F. Supp. 2d 124, 128–29 (D.D.C. 2006) (determining that a Rule 59(e) motion can be granted when the new evidence is in the form of deposition testimony, as long as the new evidence establishes a material dispute of fact).

## ANALYSIS

### A. Evidence of Pretext Before Johnson's Termination

As explained in the Court's September 14 Opinion, in order to prevail on her discrimination and retaliation claims, Johnson has to prove that the District's proffered reason for her termination was pretextual and that the real reason was discriminatory or retaliatory. See <u>Johnson</u>, 207 F. Supp. 3d at 11. Johnson begins by introducing new testimony from a subsequent administrative hearing in which Danielle Reich, a supervisor at Randle, states that she did not extend the November 23 paperwork deadline because she "had been giving [Johnson] extra time since the prior school year." See Pl.'s Mot. to Alter J. at 3. Johnson asserts that this statement must be false because she had not requested a previous extension. See <u>id.</u> As in her opposition to summary judgment, Johnson presents no evidence to support her assertion, and evidence that "tends to impeach the credibility of a witness rather than provide substantive evidence concerning a material issue of fact" is insufficient to justify reversing the Court's earlier order. <u>Int'l Ctr. for Technology Assessment v. Leavitt</u>, 468 F. Supp. 2d 200, 207 (D.D.C. 2007).

Johnson also offers new testimony in which Reich stated that she was "looking at the complete picture" when she decided to terminate Johnson. See Pl.'s Mot. to Alter J. at 4. Johnson argues that Reich's statement that she was "looking at the <u>complete picture</u>" indicates that Reich

considered discriminatory factors rather than merely Johnson's failure to meet the November 23 paperwork deadline. However, later in Reich's testimony, she clarified that by "complete picture" she meant that the District needed to know whether Johnson was on an approved leave status, which led the District to set the November 23 paperwork deadline so that it could determine her leave status. See Tr. of Administrative Hr'g, Ex. 1 to Def.'s Opp'n [ECF No. 38-1] at 194:16–195:13. Although Reich's testimony may qualify as new evidence, a reasonable jury could not conclude that Reich's use of the phrase "complete picture" raises a genuine issue of material fact as to the District's reason for terminating Johnson's employment. This new testimony is entirely consistent with the defendant's proffered reason for Johnson's termination: Reich again asserted that the reason Johnson was terminated was due to her failure to meet the November 23 deadline. Thus, Johnson has failed to offer new evidence that raises a material dispute of fact.

Additionally, Johnson asserts that the District knew she would not be able to meet the November 23 deadline based on how long it took Johnson to obtain documentation from her doctors in the past. Specifically, Johnson states that the District knew that in the past one doctor received a form on October 10, 2012, and did not reply until November 14, 2012. See Pl.'s Mot. to Alter J. at 5. Thus, Johnson argues, the District knew that telling her on November 16 that she must submit forms by November 23 was an unreasonable deadline. Id.

These facts were known to Johnson prior to the entry of summary judgment and thus are not new evidence. Johnson had a duty to bring these issues to the court's attention at an earlier stage of the litigation. See Firestone, 76 F.3d at 1208. Having lost that opportunity, Johnson now attempts to gain a "second bite at the apple," which is not available to her. Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 50 (D.D.C. 2002) (citing All W. Pet Supply Co. v. Hill's Pet Prod. Div., Colgate-Palmolive Co., 847 F. Supp. 858, 860 (D. Kan. 1994) ("[A] party's failure to present

8

his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend.")).

Regardless, the fact that the District may have known that the deadline imposed gave Johnson a shorter amount of time than it had previously taken her to obtain documents from doctors in the past is irrelevant. Even if the District was aware of that fact when it set the deadline, this evidence fails to raise a material dispute of fact as to whether the District's reason for terminating Johnson's employment was pretextual, because Johnson nevertheless still failed to meet the deadline. Hence, this evidence is insufficient to show that summary judgment should not have been granted on her discrimination and retaliation claims.

## B. Evidence of Pretext After Johnson's Termination

Next, Johnson claims that the statement of Erica Smith, another supervisor at Randle, in the administrative hearing asserting that she did not believe Johnson suffered from the "difficulties" that Johnson's doctor described in a note, proves that the District denied Johnson's request for accommodations for discriminatory reasons. However, the District did not receive the information from Johnson's doctor regarding Johnson's "difficulties" until after the November 23 deadline, at which point Johnson was already terminated. Therefore, as noted by the Court in the September 14, 2016 Opinion, "this . . . is immaterial. Even if the District did eventually reach the merits of Johnson's accommodation request, its decision was superfluous so long as Johnson remained separated from her employment." Johnson, 207 F. Supp. 3d at 17–18. Because the District had already terminated Johnson for missing the deadline before the District received information from Johnson's doctor explaining her limitations, any statement demonstrating that Smith was later skeptical of that doctor's note sheds no light on the District's reasons for firing Johnson sometime earlier.

## C. Evidence of Failure to Engage in Interactive Dialogue in Good Faith

The regulations implementing the ADA provide that, once aware of its responsibility to provide a reasonable accommodation, "'the employer must make a reasonable effort to determine the appropriate accommodation . . . [which] is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability.'" Floyd v. Lee, 968 F. Supp. 2d 308, 327 (D.D.C. 2013) (second alteration in original) (quoting 29 C.F.R. § 1630.2(o)(3)); see also Pantazes v. Jackson, 366 F. Supp. 2d 57, 70 (D.D.C. 2005) (finding that the employer failed to engage in a good faith interactive process when the employer caused a nine-month delay in that process). Employers can engage in an interactive process in good faith by meeting with the employee who seeks an accommodation, requesting information about the condition, and asking the employee what he or she specifically wants. See Faison v. Vance-Cooks, 896 F. Supp. 2d 37, 62 (D.D.C. 2012) (explaining that the absence of good faith can be shown if an employer causes long and unreasonable delays).

Johnson contends that new evidence shows that the District failed to engage in an interactive process in good faith because one of her supervisors admitted to being unfamiliar with the interactive process and multiple supervisors gave inconsistent testimony regarding their knowledge of her needs. But the evidence Johnson has presented does not show that the District failed to engage in a good faith interactive process. Johnson has not identified, for example, any unreasonable delays, any failure to investigate her claims, or any other indication of bad faith. See id.; Pantazes, 366 F. Supp. 2d at 70; see also Rehling v. City of Chicago, 207 F.3d 1009, 1015–16 (7th Cir. 2000). Rather, Johnson's new evidence merely shows that one of her supervisors was not knowledgeable about what the interactive process entails, but this does not raise a material dispute of fact as to how the interactive process actually occurred. Even if one supervisor was

unfamiliar with what the law required, the undisputed evidence still shows that her employer worked with her to determine what accommodations she would need by requiring that she first provide documentation explaining and verifying her disability, then accommodating her with classroom aides, considering how to accommodate her after she had exhausted her leave under the FMLA and DCFMLA, and continuing to follow up with her doctor even after she failed to meet the November 23, 2012 deadline. Hence, the new testimony Johnson offers shows only that one supervisor may not have been familiar with the interactive dialogue process and therefore is insufficient to prove her claim. To prevail on her claim, Johnson would have had to present new evidence that showed that her supervisors failed to work with her to determine how to accommodate her disabilities. But it is clear that the District undertook the interactive process, and properly required documentation from her doctor, and then terminated her when she failed to provide the required information by the set deadline. Thus, Johnson's new evidence falls short. The Court acted properly in granting partial summary judgment to the District.

## CONCLUSION

Johnson has failed to provide new evidence that justifies altering or amending the Court's September 14, 2016 grant of partial summary judgment for the District. For the foregoing reasons, the Court will deny [35] Johnson's motion to alter or amend the judgment. A separate Order has been issued on this date.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: July 19, 2017